CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
MAR 26 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEROME F. COLEMAN, | ) | Civil Action No. 7:11-cv-00430 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| W.D. JENNINGS, | ) | By:   Hon. Jackson L. Kiser |
|     Respondent. | ) |        Senior United States District Judge |

Jerome F. Coleman, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that the Virginia Parole Board ("Board") violated due process guaranteed by the Fourteenth Amendment to the United States Constitution. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant respondent's motion and dismiss the petition.

I.

The Circuit Court of Arlington County sentenced petitioner on December 7, 1977, to life imprisonment plus thirty years for first-degree murder, robbery, and abduction. Petitioner was first eligible for parole in 1989, and the Board is supposed to consider petitioner for parole in the third quarter of every year. The Board has consistently declined to conditionally release petitioner on parole.

In 2008, petitioner did not waive consideration for parole, and the Board did not consider petitioner for parole. Petitioner argues that this denial of consideration in 2008 constitutes a

violation of due process guaranteed by the Fourteenth Amendment.[1] Petitioner acknowledges that the Board considered petitioner for parole in the third quarter of 2009 and that petitioner received the Board's denial notice.[2]

On July 21, 2010, petitioner executed the state habeas petition, which discussed the same claim sub judice, and filed the petition with the Supreme Court of Virginia.[3] On September 14, 2010, the Supreme Court of Virginia dismissed the petition because "habeas corpus relief d[id] not lie in this matter...." Coleman v. Warden of the Augusta Corr. Ctr., No. 101434, slip op. at 1 (Va. Sept. 14, 2010). Petitioner executed the federal habeas petition on July 19, 2011, and certified that petitioner mailed the petition to the Attorney General of Virginia on August 17, 2011. Petitioner's cover letter to the Clerk of Court, which was attached to the petition, is also dated August 17, 2011. Petitioner requests as relief that I order the Board to find petitioner suitable for parole.

---

[1] Petitioner uses the label "equal protection" once in the petition but does not otherwise discuss an equal protection claim. Accordingly, petitioner's reliance on a label is insufficient to state a legal claim, and I will not construct an equal protection claim for petitioner. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009) (stating a federal court can rely on its experience and common sense to identify claims that rely on mere labels and conclusions, which are not entitled to an assumption of truth); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se litigant).
Petitioner also alleges that the denial of parole consideration violated petitioner's rights guaranteed by the Virginia constitution. Federal habeas relief is available for only violations of federal law. 28 U.S.C. § 2254(a). Accordingly, petitioner is not entitled to federal habeas relief for violations of state law.

[2] Petitioner does not say when he received the notice.

[3] These facts contradict petitioner's averment that petitioner filed the state habeas petition in 2009. (Pet. 14.)

2

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[4] For this matter, the one-year limitations period began on the date on which the factual predicate of the presented claim could have been discovered through the exercise of due diligence. This one-year period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(D). If petitioner had exercised due diligence, petitioner would have been aware by the start of the fourth quarter of 2008 that petitioner was not considered for parole in the third quarter of 2008. See Va. Code § 53.1-154 (stating the Board should determine parole no later than by the end of the quarter in which the inmate became eligible). Thus, I find October 1, 2009, to be the date by which petitioner could have discovered the factual predicate of the claim if petitioner had exercised due diligence.

Petitioner filed the instant petition no earlier than August 17, 2011, the date petitioner mailed the petition to the Clerk via the prison-mail system. The limitations period is tolled

---

[4] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

3

between July 21, 2010, the earliest date petitioner could have filed the state petition, and September 14, 2010, when the Supreme Court of Virginia dismissed the state petition.

After excluding this tolled time, more than eighteen months passed between when petitioner could have been aware of the factual predicate of the claim and when petitioner filed the instant petition. Nothing in the record supports equitably tolling the statute of limitations, and I dismiss the petition as untimely filed. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010) (noting that equitable tolling is permitted if petitioner was pursuing relief diligently and some extraordinary circumstance stood in the way.

Petitioner would not be entitled to relief even if the petition was timely filed. The Due Process clause applies when governmental action deprives a person of a legitimate liberty or property interest. Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). The first step to analyze a procedural due process claim is to identify whether the alleged conduct affects a protected interest. Id. at 570-71; Beverati v. Smith, 120 F.3d 500, 502-03 (4th Cir. 1997).

A convict does not have a constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (acknowledging that a valid criminal conviction extinguishes certain liberty interests). However, a liberty interest can be created if a parole system mandates an inmate's release upon fulfilling certain conditions. Bd. of Pardons v. Allen, 482 U.S. 369, 376-81 (1987). If the parole system creates only the possibility of parole, the hope of parole is not protected by due process. Greenholtz, 442 U.S. at 11 (citing Meachum, 427 U.S. at 225).

4

The Virginia system of discretionary parole does not grant petitioner a liberty interest in parole release.[5] Gaston v. Taylor, 946 F.2d 340, 344-45 (4th Cir. 1991) (en banc); Sumner v. Tucker, 9 F. Supp. 2d 641, 642-43 (E.D. Va. 1998). Virginia law prohibits parole unless the Board decides an inmate is suitable for parole after conducting a personal evaluation. See Va. Code § 53.1-154.1 (describing parole factors to be considered); James v. Robinson, 863 F. Supp. 275, 276-77 (E.D. Va. 1994), aff'd, 45 F.3d 426 (1994). Because inmates have "no liberty interest in parole release under Virginia law, neither can they have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process." Hill v. Jackson, 64 F.3d 163, 171 (4th Cir. 1995). Due process does not require that an inmate be given access to prison files, be allowed to call witnesses, or receive a personal hearing. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1977) (en banc) (per curiam). However, due process does require that an eligible inmate be considered for parole in conformity with state law and that the Board give an inmate a statement of reasons for the denial of parole. Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996).

Assuming, arguendo, that petitioner could prove that petitioner did not receive a parole consideration hearing in 2008, this fact would not entitle him to conditional release. See Greenholtz, 442 U.S. at 7 (finding no constitutional right to conditional release). Accordingly, I cannot grant petitioner the requested relief to order the Board to find petitioner suitable for parole, which would compel conditional release. Instead, petitioner would be permitted to have the Board reconsider petitioner for parole to remedy the missed review in 2008. See, e.g., Va. Code

---

[5] Petitioner does not allege that mandatory parole provisions apply. See Va. Code § 53.1-159 (describing mandatory parole).

5

§ 53.1-151, et seq. (describing Virginia's parole process).

Petitioner acknowledges that the Board already considered petitioner for parole in 2009, and the fact petitioner remains incarcerated indicates that the Board still declines to conditionally release petitioner. The Board's review and denial of petitioner's conditional release in 2009 moots relief to have the Board reconsider petitioner being paroled in 2008. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (discussing redressability element of Article III standing); United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."). See also FEC v. Akins, 524 U.S. 11, 25 (1998) (illustrating the distinction between speculating how an agency may reconsider an issue versus recognizing the agency already reconsidered the issue). No realistic possibility exists that the Board will determine that petitioner should have been paroled in 2008. See Townes v. Jarvis, 577 F.3d 543, 548 (4th Cir. 2009) ("[I]f no realistic possibility exists that a plaintiff can obtain the ultimate relief, petitioner will fail to satisfy the redressability prong.") (internal quotation marks omitted). Accordingly, any declaratory or injunctive relief in this action to remedy a missed parole hearing in 2008 would have no practical impact on petitioner because of the Board's subsequent consideration and denial of parole in 2009. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (discussing mootness of claim when no real remedy exists).

III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 26th day of March, 2012.

*[signature]*
Senior United States District Judge

7